IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WAYA TSALAGI JONES, | ) | 4:11CV3121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MIC DOWNING, Trooper, Badge #255, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on July 25, 2011.  (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against Mic Downing.  (Filing No. 1.)  Plaintiff is a non-prisoner who currently resides in Hot Springs, South Dakota. (*Id.*; *see also* Docket Sheet.)

Plaintiff's Complaint is disjointed and difficult to follow.  As best as the court can tell, Plaintiff alleges that Defendant committed perjury at her husband's jury trial.[1]  (Filing No. 1 at CM/ECF p. 3.)  Specifically, Defendant "could not tell the truth – nor keep it straight as to what was Truth." (*Id.* at CM/ECF p. 3.)  Plaintiff also alleges her husband was never read his *Miranda* rights.  In addition, Defendant

---

[1]The court takes judicial notice that Plaintiff's husband, Bret Tschacher, was recently found guilty of being a felon in possession of a firearm and sentenced to 21 months in prison.  (*See United States v. Tschacher*, Case No. 09CR3025, Filing No. 108.)

illegally searched her husband's truck. (*Id.* at CM/ECF p. 4.) As relief, Plaintiff asks the court to (1) make Defendant tell the truth, (2) charge Defendant with perjury, (3) restore her husband's rights, (4) order restitution for eleven years, (5) "retract all false lies and speak truth," and (6) seal all records. (*Id.* at CM/ECF pp. 6-7.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  DISCUSSION OF CLAIMS

In order for Plaintiff to proceed with her claims, she must have standing. Standing is a jurisdictional requirement that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir.

2

2004). As a general rule, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests).

Here, Plaintiff appears to allege that Defendant violated her husband's Fourth Amendment rights. Alternatively, she may be attempting to challenge her husband's conviction. Either way, as discussed above, Plaintiff may not assert the legal rights of her husband without standing to do so. Moreover, even if Plaintiff could establish standing to litigate her husband's claims, she is a non-attorney pro se litigant and may not represent her husband in this court without an attorney. Accordingly, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3